Next case is in Re Noble Systems Corporation. 2018-18-47, Mr. Koster. Thank you. If it pleases the court, I'd like to make two points today, at least two. First, Ferguson does not disclose a second input that modifies a second telephone number during the call. The other point is that not all the claim limitations in Claim 15 have been properly analyzed. Now, to understand Ferguson, Ferguson is a system that verifies a prospective client list against a do-not-call or DNC list. Paragraph 46 says there are two ways input can be provided. The first input is manual. The user can go to the prospective client list, select a number, put it into the system, or add it to the do-not-call list. That's the focus of figures 5, 6, and 7. The other input is the list upload, and that's what figure 8 is pertaining to. The important aspect of figure 8 is this dialog box 224, create prospect worksheet. If the list is uploaded and that toggle is set to yes, it will process all the accounts that can be called and generate a worksheet, and I'll show you that in a second. Also, to the extent you can make your argument without referring to the exhibit that you brought there, because my colleague, Judge Malley, cannot see that exhibit. Okay. Okay, thank you. I will try to do this up. If the toggle switch 224 is not set, then the result is shown in figure 9, which is... ...those accounts in the prospective client list that can and cannot be dialed. Sections 252, 254 show the accounts that can be dialed. Those are the residential numbers that can be safely dialed. Section 256 shows the numbers that can't be dialed. Those are on the do-not-call list. Figure 9 also shows an auto-generate business phone number icon 264. And because those residential numbers cannot be dialed, the user can select that icon and paragraph 95 says it will go out to a database and retrieve a number, a business phone number associated with that account. Paragraph 95 says nothing more as to other than obtaining it and displaying it. It doesn't say what screens are presented or how it's displayed. Now, if the toggle on figure 8 is set to generate worksheets, the result is shown in figure 11. Figure 11 shows the number in section 300, some notes, information, which the user can refresh while he studies the account. The user can then dial the number, and then if necessary, icon 314 can be selected to put the number on the do-not-call list. It's quite evident that figure 11 shows a single number, a single input, and there's no teaching or suggestion that there is a second input during the call that modifies a second number that is displayed to the agent. Now, the USPTO would like us to believe that if you somehow select that auto-generate business phone number icon, that figure 11 somehow results. That's not what paragraphs 83 and 103 of Ferguson teach. And furthermore, Ferguson teaches that when you upload the list, figure 11 presents those accounts that can be dialed. The auto-generate business phone number is associated with the accounts that can't be dialed. So therefore, all the rejections are based on Ferguson teaching the second input to modify a second number during the call. Claim 1 also recites displaying that second number to the agent during the call. Clearly, figure 11 is deficient in that regard. The other point I'd like to make concerns Claim 15. Claim 15 recites limitations of a call handler comprising a processor configured to cause an agent's workstation computer to display a wireless number and name. Those limitations don't appear in any other claim. Those are unique to Claim 15. But the examiner rejected Claim 15 based on the analysis for Claim 1 and independent Claim 8. So those limitations were not properly considered. When this was brought up to the board's attention, it was glossed over. And now, in the director's brief, this is attempted to be addressed on footnote 5 on page 22. And furthermore, on text on page 26. The text is not very persuasive because it attempts to say that the display the wireless number limitation in Claim 15 is similar to a limitation in Claim 4. And somehow the analysis for Claim 4 somehow causes this limitation in Claim 15 to be obvious. The limitation in Claim 4 is not similar. It displays a consent status of the wireless number, not the wireless number. Now, there's also an allegation on page 26 that figure 11 discloses the wireless number and name. A couple reasons why this is deficient. First of all, the numbers displayed in figure 11 are home residential numbers, not a wireless number. But even if you did accept that that number in box or area 300 is a wireless number, you would have to reject the PTO's assertion that that same number is the second number. That one number can't be both. You can't have it both ways. You can't argue that that is the wireless number used to originate the call and then later on argue figure 11 also discloses a second, another number displayed to the agent. It's either one or the other, not both. Also, there's an allegation that paragraphs 82 and 83 of Ferguson disclose it. That's also deficient because figures 5 and 6 don't even display a name. Figure 7 does display a name and a number, but it's provided by the user. There's no call handler causing the workstation to display. So those are the reasons why I think claim 15, the rejection should be overruled. And I'll probably save the remainder of my time for rebuttal or if you have any questions. We will save it for you, Mr. Koster. Thank you. Mr. McBride. Thank you and good morning, Your Honors. May it please the court. I'd like to start with a couple of the issues that Noble raised. The first is that they say that Ferguson doesn't disclose the second telephone number. And I'd like to just start back at the basis for the rejection was a combination over three references. The first was Mann, which discloses a telemarketing method. And it discloses a call handler automatically calling a party at a first number. And then when they pick up, automatically connecting that call to the agent. And then they combine those teachings with Brahm, which discloses verbally revoking consent to be called. And then Mann also discloses displaying that first number, the name of the call party and their phone number. And it discloses displaying that information to the agent during the call. And then what they rely on Ferguson for is the teaching of having a second telephone number, where the party can tell the agent to revoke consent to be called at the second telephone number. And Ferguson explains how to do that. If you look at figure 11, it discloses a new account worksheet that's disclosed, that's displayed to the agents when they're going to make a phone call. And it has this icon in the lower right corner, 314, that allows the agent to check a box, which will put them on the do not call list. And this new account worksheet, the board found that it would be displayed when you click on the business phone number icon that's displayed in figure 9. And so that is a second telephone number. It's not displayed at the same time as the first number. The claims don't require that the first and the second number be displayed at the same time. If you don't have any questions about that teaching of the second telephone number in Ferguson, I'll move on to the second point. And that's with regard to claim 15. Claim 15 talks about displaying the wireless number and the second telephone number to the agent. I already talked about how MAN has a teaching of displaying the first number to the agent. And that's disclosed in MAN 82699. Yeah, 82699, paragraph 38, actually says, MAN says the consumer's name and phone number are already present on the agent's monitor. And then if you look at the examiner's answer, the examiner went into fairly good detail about how the limitations of claim 15 were met. The examiner first talks about it at A2508. And then it goes into more detail and specifically responding to Noble's arguments at A2513. There's almost a, the discussion spans three pages, but they explain how Ferguson discloses the second telephone number and displays the name and the phone number for both the first and the second telephone number. If you don't have any further questions, I'm happy to yield the rest of my time. That's fine. Thank you, Mr. McBride. Mr. Koster has some rebuttal time if you need it. The allegation that the auto-generate business phone number causes figure 11 to appear is inconsistent with paragraphs 83 and 103, which state that the list is uploaded and for those accounts that can be called, a worksheet is generated. It doesn't say anything about the business phone number icon being selected and that's causing the worksheet to be generated. So that's clearly not consistent with this. Does that worksheet have a different phone number? It has one phone number per account and it processes the prospect list. Only those numbers that can be dialed are displayed. The business phone number icon is associated with those accounts that can't be dialed. The second point I'd like to make is in regard to Claim 15, and this illustrates the confusion that's been rampant in this case. Page 26 of the Director's Brief says this argument lacks merit. The board and the examiner both observed paragraphs 82 and figure 11 of Ferguson teach this limitation. You just heard the PTO now say, no, it's Mann. Mann's the reference that discloses it. And that's a problem. The citation of 2503 to 2504 in Ferguson talks about a different limitation. There is a statement on that page that does say Mann does disclose a number and a name. However, that paragraph talks about inbound calls. Mann talks about a system where the user can interact with a website, provide their name and number, and then make an inbound call. So that is not the wireless number dialed by the call handler, for example, in Claim 15 or Claim 1. So I think with that, those two points are effectively rebutted. If there are no further questions. Thank you, Counsel.